JOSHUA SILVERMAN *v.* JACOB FOREMAN.

Whether a plaintiff, having rested, shall, after the defendant has examined his witnesses, be permitted to examine witnesses in further support of the case made by himself, is a matter within the discretion of the court.

The exercise of such discretion, in either admitting or rejecting the further testimony, unless in a case of palpable and gross injustice, is no ground for the reversal of a judgment.

Testimony offered by a plaintiff is not necessarily rebutting evidence, merely because it tends to contradict the defendant's witnesses.

Rebutting testimony must be in denial of some affirmative case or fact which the defendant has endeavored to prove.

Accordingly, where, in an action for an assault and battery in striking the defendant, after the plaintiff had rested his case upon the evidence of witnesses who testified to the blow, and after the defendant had called and examined witnesses to disprove the striking, the court refused to permit the plaintiff to call witnesses to prove an alleged admission of the defendant that he struck the plaintiff; *held,* no error.

APPEAL by the plaintiff from a judgment for a nominal sum, rendered against the defendant in the Sixth District Court, in an action for an assault and battery. The questions determined arose upon the rulings of the court below, in rejecting evidence under the circumstances appearing in the opinion.

*George Carpenter,* for the plaintiff.

*Jonas B. Phillips,* for the defendant.

BY THE COURT. WOODRUFF, J.—This was an action to recover damages for an alleged assault and battery, and the claim or charge was that the defendant struck the plaintiff.

The main ground upon which a reversal is sought, is that after the plaintiff had rested the case upon the evidence of his witnesses, who testified to the blow, and after the defendant had called and examined witnesses to disprove the striking, the court refused to permit the plaintiff to call witnesses to prove that the defendant had admitted that he struck the plaintiff.

There was in this no error. Whether the plaintiff should be permitted to call further witnesses after the defendant had rested, to give merely cumulative testimony to the very facts alleged in the complaint, was a matter within the discretion of the court, and the exercise of that discretion—unless in a case of very palpable and gross injustice, which is not likely to occur—would not be ground for reversal.

Counsel misapprehend, I think, the meaning of the term rebutting evidence in such a case. It means not merely evidence which contradicts the defendant's witnesses, and corroborates those of the plaintiff, but evidence in denial of some

affirmative case or fact which the defendant has endeavored to prove.

The plaintiff was strictly bound to prove the allegations in his complaint, and give so much testimony in support of those allegations, that as to them he was willing to trust his case upon the proofs given. The defendant then took the burden of "rebutting" that proof, and unless there was some reason assigned for deviating from the rule, the court below rightly exercised their discretion in not permitting the plaintiff to open his case again for the purpose of accumulating testimony to the very point to which he had already examined such witnesses as he thought proper.

If there had been no contradiction in regard to the circumstances attending the transaction, we should incline to say that a finding of six cents damages was grossly inadequate as compensation for a blow such as the plaintiff's witnesses describe. But when we see those witnesses contradicted, and the whole occurrence exhibits the parties as engaged in a broil, which the justice may well have found very little injurious, and still less creditable, to either, we are by no means inclined to interfere with the judgment on that ground.

The judgment must be affirmed with costs.

Judgment affirmed.